UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KARAKI NAVIGATION,

                Plaintiff,              07 Civ. 6161 (NRB)

- against -              ECF CASE

BUNGE SA,

                Defendant.
------------------------------------------------------------X

## AMENDED VERIFIED COMPLAINT

Plaintiff, KARAKI NAVIGATION ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Amended Verified Complaint against the Defendant, BUNGE SA ("Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with an address at P.O. Box 556, Main Street, Charlestown, Nevis.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in Geneva, Switzerland.

4. At all material times to this action, Plaintiff was the Owner of the motor vessel "SVYATAYA YEKATERINA" (hereinafter the "Vessel").

5. At all material times to this action, Defendant was the Charterer of the Vessel.

6. Pursuant to a charter party dated February 14, 2007, Plaintiff time-chartered the Vessel to the Defendant.

7. Pursuant to the charter party, the Vessel proceeded to Paranagua, Brazil where it loaded Brazilian corn and bean meal in bulk for delivery at, Aqaba, Jordan.

8. Further, the Vessel loaded Brazilian yellow maize and corn in bulk for delivery at Jeddah, Saudi Arabia.

9. The bills of lading issued by Plaintiff for the cargo destined for Aqaba are dated April 6, 2007 and are numbered one and two.

10. The bills of lading issued by Plaintiff for the cargo destined for Jeddah are dated April 6, 2007 and are numbered three, four and five.

11. During the course of the charter, disputes arose between the parties stemming from damage allegedly caused to the cargo while at sea.

12. The Vessel arrived in Aqaba on or about May 9, 2007.

13. Various allegations were raised by the Aqaba cargo receivers with regards to the alleged damaged condition of the cargo.

14. The Aqaba cargo receivers then proceeded to obtain an administrative remedy in regards to their claims which would have had the effect of preventing the Vessel from leaving the port.

15. Despite the fact that Defendant is wholly or substantially liable for the alleged cargo damage pursuant to the charter party, the receivers, pursuant to the bills of lading issued by the Plaintiff, are entitled to raise their cargo claims in the first instance against the Vessel and the Plaintiff as Vessel Owners.

16. Plaintiff settled and paid the Aqaba receivers claim in the amount of $260,000.00.

2

17. Defendant subsequently provided security to Plaintiff in respect of its indemnity claim for the amounts paid by the Plaintiff to the Aqaba receivers claim, for which it was liable to the Plaintiff under the charter party.

18. The Vessel arrived at Jeddah on or about June 22, 2007 and remains there while discharging cargo.

19. Various allegations were raised by the Jeddah cargo receivers with regards to the alleged damaged condition of the cargo.

20. If the Jeddah cargo receivers' claims are not paid or otherwise secured, upon information and belief, the Vessel will again be prevented from leaving the port.

21. Upon information and belief, Plaintiff will imminently settle or secure the Jeddah cargo receivers' claim in order to avoid having the Vessel arrested and to mitigate damages.

22. Plaintiff is entitled to recover from Defendant the cargo claims/damages asserted against it by the Jeddah cargo receivers, for which the Defendant is wholly or substantially liable, under the charter party.

23. As a result of the alleged damage to the cargo received in Jeddah for which Defendant is wholly or substantially liable under the charter party, Plaintiff has and will suffer losses resulting from claims asserted by cargo receivers in Jeddah in the total principal amount of $3,045,119.55, exclusive of interest, reasonable attorney's fees and arbitration costs.

24. In addition, despite due demand, as a result of Defendant has failed to provide security for the alleged damage to the cargo in Jeddah, leaving Plaintiff to settle and/or secure the claims and demands presented by third-party cargo receivers for cargo damage, all in breach of the Defendant's obligations under the charter party.

25. Defendant has also failed to pay hire due and owing to Plaintiff under the charter party in the total principal amount of $1,246,002.38, exclusive of interest, reasonable attorney's fees and arbitration costs, all in breach of the charter party.

26. Pursuant Clause 55 of the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

27. Despite due demand, Defendant has failed and/or refused to pay the amounts due and owing to Plaintiff under the charter party.

28. As a result, Plaintiff has initiated arbitration proceedings in London against Defendant on its claims.

29. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claims: | |
| | Hire: | $1,246,002.38 *1,246,0003?* |
| | Jeddah cargo claims: | $3,045,119.55 *now 140000* |
| B. | Interest on claims: 3 years at 6.5%, compounded quarterly | $915,757.94 |
| C. | Estimated attorneys' fees: | $400,000.00 |
| D. | Estimated arbitration costs: | $75,000.00 |
| Total | | $5,681,879.87 |

30. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

4

held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

31. The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Amended Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of $5,681,879.87 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Complaint;

TISDALE LAW OFFICES    Fax:203-254-1641    Jul 27 2007 11:18am P007/008
Case 1:07-cv-06161-NRB   Document 9-5   Filed 07/30/2007   Page 6 of 7
Jul. 3. 2007  2:48PM   Lennon, Murphy & Lennon LLC         No. 0680  P. 6

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorney's fees and costs of this action; and

G. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: July 3, 2007
New York, NY

The Plaintiff,
KARAKI NAVIGATION

By: /s/ 
Kevin J. Lennon (KL 5072)
Patrick F. Lennon (PL 2162)
Nancy R. Peterson (NP 2871)
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
kjl@lenmur.com
pfl@lenmur.com
nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   New York City
County of New York   )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   July 3, 2007
         New York, NY

                                            /s/ Kevin J. Lennon
                                            Kevin J. Lennon