UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KARAKI NAVIGATION.,                              :

                Plaintiff,           :

    - against -                                        :

BUNGE SA,                                                   :

                Defendant.        :
---------------------------------------------------------------X

07 CV 6161 (NRB)
ECF CASE

## VERIFIED ANSWER AND COUNTERCLAIM

Defendant, BUNGE SA ("Defendant"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Answer and Counterclaim alleges upon information and belief, as follows:

1. Admits the allegations in Paragraph 1 of the Amended Verified Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Verified Amended Complaint.

3. Admits the allegations in Paragraph 3 of the Amended Verified Complaint.

4. Admits the allegations in Paragraph 4 of the Amended Verified Complaint.

5. Admits the allegations in Paragraph 5 of the Amended Verified Complaint.

6. Admits the allegations in Paragraph 6 of the Amended Verified Complaint.

7. Admits the allegations in Paragraph 7 of the Amended Verified Complaint.

8. Admits the allegations in Paragraph 8 of the Amended Verified Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Verified Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Verified Amended Complaint.

11. Admits that disputes arose between the parties but denies that they relate to damage caused to cargo while at sea.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Verified Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Verified Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Verified Amended Complaint.

15. Denies the allegations in Paragraph 15 of the Verified Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Verified Amended Complaint.

17. Admits that Defendant provided security to the Plaintiff, but denies that it was for indemnity and further denies that Defendant is liable to the Plaintiff under the Charter Party.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Verified Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Verified Amended Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Verified Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Verified Amended Complaint.

TISDALE LAW OFFICES    Fax:203-254-1641    Jul 27 2007 11:26am    P004/008

22. Denies the allegations in Paragraph 22 of the Verified Amended Complaint.

23. Denies that Defendant is wholly or substantially liable for the alleged damage to the cargo received in Jeddah, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 23 of the Verified Amended Complaint.

24. Denies that Defendant has failed to provide security for the alleged damage to the cargo in Jeddah, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 24 of the Verified Amended Complaint.

25. Denies the allegations in Paragraph 25 of the Verified Amended Complaint.

26. Admits the allegations in Paragraph 26 of the Verified Amended Complaint.

27. Denies the allegations in Paragraph 27 of the Verified Amended Complaint.

28. Admits the allegations in Paragraph 28 of the Verified Amended Complaint.

29. Denies the allegations in Paragraph 29 of the Verified Amended Complaint.

30. Denies the allegations in Paragraph 30 of the Verified Amended Complaint.

31. The allegations of Paragraph 31 of the Verified Amended Complaint are such that they do not warrant an admission or denial from the Defendant.

### DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

32. The Amended Verified Complaint fails to state a claim against the Defendant upon which relief may be granted.

### DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

33. This action is governed by English law and the exclusive jurisdiction for Plaintiff to raise its claims is in London Arbitration.

3

### DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

35. This Court lacks personal jurisdiction over the defendant.

### DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

36. Plaintiff has failed to properly mitigate its damages.

### DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

37. Plaintiff has improperly inflated the amount of damages it actually incurred and is not entitled to the full amount of relief sought in its Verified Amended Complaint.

### DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

38. The amount of any alleged damages that Plaintiff may be entitled to is subject to the terms and conditions of the Inter Club New York Produce Agreement, pursuant to the terms of the Charter Party.

### DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFF

As and for its counter-claim, Defendant alleges as follows:

1. Pursuant to the terms of a Charter Party dated February 14, 2007, Plaintiff time chartered the MV SVYATAYA YEKATERINA (the "Vessel") to the Defendant.

2. Pursuant to Clauses 17 and 55 of the Charter Party, all disputes arising between the parties are to be submitted to London Arbitration with English law to apply.

3. Pursuant to Clause 29 of the Charter Party, the Vessel's speed was warranted to be "about 11.5 knots on about 27.0 MT ifo ..."

4. Pursuant to Clause 80 of the Charter Party, "liability for cargo claims shall be borne by the Owners and Charterers in accordance with the Inter Club New York Produce Agreement."

4

5. The Vessel loaded cargo in Paranagua, Brazil for delivery at Aqaba, Jordan.

6. The Vessel loaded cargo in Paranagua, Brazil for delivery at Jeddah, Saudi Arabia.

7. The Vessel failed to perform as warranted, thereby breaching the terms of the Charter Party.

8. As a result of the Vessel's underperformance, the Defendant lost time during its voyages and is entitled to a credit for hire payments made and/or a reduction in the amount of hire still outstanding.

9. The value of time lost as a result of Vessel underperformance amounts to $250,753.13, exclusive of interest, costs and attorneys fees.

10. Plaintiff has commenced arbitration proceedings in London.

11. Interest, costs and attorney's fees are routinely awarded to the prevailing party in arbitration proceedings under English law. Defendant expects to recover the following amounts pursuant to a final arbitration award in its favor:

| | | |
|---|---|---|
| i. | Principal Claim for Underperformance | $250,753.13 |
| ii. | Interest at 6.5% for 3 years | $52,196.28 |
| iii. | Estimated Attorney's fees | $200,000.00 |
| iv. | Estimated Arbitration Costs: | $75,000.00 |
| | Total Claim: | $577,949.41 |

**WHEREFORE**, Defendant prays as follows:

1. That the Court, in accordance with the provisions of Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims, direct Plaintiff to post a bond in

5

the usual form in the amount of $577,949.41 as security for the claim set forth in Defendant's Counterclaim;

2.  That the Court enter judgment against Plaintiff in the amount of any judgment obtained by Defendant against Plaintiff, plus interest, costs and attorney's fees;

3.  That any such judgment, to the extent possible, be satisfied by the security posted by Plaintiff; and

4.  That the Court grant Defendant such other, further and different relief as may be just, proper and equitable in the premises.

Dated: July 26, 2007
New York, NY

                                  The Defendant,
                                  BUNGE SA,

                                  By: _____
                                  Lauren C. Davies (LD 1980)
                                  Claurisse Campanale-Orozco (CCO 3581)
                                  Thomas L. Tisdale (TT 5263)
                                  TISDALE LAW OFFICES LLC
                                  11 West 42nd Street, Suite 900
                                  New York, NY 10036
                                  (212) 354-0025 – phone
                                  (212) 869-0067 – fax
                                  ldavies@tisdale-law.com
                                  corozco@tisdale-law.com
                                  ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Answer and Counterclaim and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Defendant is that the Defendant is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Defendant and agents and/or representatives of the Defendant.

7. I am authorized to make this Verification on behalf of the Defendant.

Dated:    July 26, 2007
          New York, NY

_____
Lauren C. Davies

7